IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| CYNTHIA LUPTON, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | FILED ELECTRONICALLY |
| | : | ON JANUARY 11, 2019 |
| WALMART STORES EAST, LP, | : | |
| Defendant. | : | JURY TRIAL DEMANDED |
| | : | |

## COMPLAINT

Cynthia Lupton ("Plaintiff") brings this lawsuit against Walmart Stores East,

LP, ("Walmart"), seeking all available relief under the Fair Labor Standards Act

("FLSA"), 29 U.S.C. §§ 201, et seq., and the Pennsylvania Minimum Wage Act

("PMWA"), 43 P.S. §§ 333.101, et seq.[1]

## JURISDICTION AND VENUE

1.      Jurisdiction over the FLSA claim is proper under 28 U.S.C. § 1331.

2.      Jurisdiction over the PMWA claim is proper under 28 U.S.C. § 1367.

3.      Venue is proper under 28 U.S.C. § 1391.

---

[1]  Plaintiff previously opted-in to an FLSA collective action pending in the United States District Court for the Western District of Pennsylvania and styled Swank v. Wal-Mart Stores, Inc. (identified as Walmart Stores East, LP, by Defendant), 2:13-cv-01185-MRH. On June 5, 2018, the Swank Court denied Plaintiffs' Motion to "conditionally certify" the FLSA collective or certify a class under Rule 23(b).  See Swank v. Wal-Mart Stores, Inc., 2018 U.S. Dist. LEXIS 94113 (W.D. Pa. June 5, 2018).  On September 18, 2018, the Swank Court entered an order clarifying that the legal claims of Plaintiff and other Swank opt-ins, and the putative Rule 23 class members, were dismissed without prejudice to their pursuit of individual lawsuits and that the running of the statute of limitations against their claims was tolled through September 18, 2018.  See ECF No. 282.

## PARTIES

4.      Plaintiff resides in Mill Hall, PA (Clinton County).

5.      Walmart is a corporation headquartered in Bentonville, Arkansas.

6.      Walmart has employed individuals who, like Plaintiff, are engaged in interstate commerce or in the production of goods for interstate commerce or engaged in handling, receiving, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce.

## FACTS

7.      Walmart owns and operates a retail store in Mill Hall, PA ("the store").

8.      Walmart employed Plaintiff as an Assistant Store Manager ("ASM") at the store from approximately 2000 until approximately August 2014.

9.      As an ASM, Plaintiff was directly and continually supervised by the store's higher-ranking managers.

10.      As an ASM, Plaintiff was required to follow detailed store and corporate policies and directives that dictated virtually every aspect of Plaintiff's day-to-day work and precluded Plaintiff from exercising discretion and independent judgment with respect to traditional managerial duties or matters of significance.

11.      As an ASM, the vast majority of Plaintiff's work hours were spent

performing manual labor, servicing customers, and performing other non-managerial duties.  Such duties represented the principal and most important aspects of Plaintiff's job.  Failure to perform such duties could result in discipline and, eventually, termination.

12.     Walmart ostensibly paid Plaintiff a "salary" of approximately $50,000 per year.

13.     Plaintiff's "salary" was not guaranteed.

14.     Plaintiff often worked well over 55 hours per week and, during some weeks, worked over 65 hours.

15.     Walmart did not maintain accurate records of Plaintiff's work hours.

16.     Because Walmart deemed Plaintiff "exempt" from the FLSA's and PMWA's overtime pay mandates, it did not pay Plaintiff any overtime premium compensation for hours worked over 40 per week.

17.     Walmart's classification of Plaintiff as overtime-exempt was not based on any analysis or assessment of Plaintiff's *actual* work duties/activities.

18.     Plaintiff was non-exempt under the FLSA and PMWA.

## COUNT I
### (Alleging Violations of the FLSA)

19.     All previous paragraphs are incorporated as though fully set forth herein.

20.     The FLSA entitles Plaintiff to overtime premium compensation

equaling 150% of Plaintiff's regular pay rate for every hour worked over 40 per week.  See 29 U.S.C. § 207(a)(1).

21.    Walmart violated the FLSA by failing to pay Plaintiff overtime premium compensation.

22.    In violating the FLSA, Walmart acted willfully and with reckless disregard of the FLSA.

## COUNT II
**(Alleging Violations of the PMWA)**

23.    All previous paragraphs are incorporated as though fully set forth herein.

24.    The PMWA entitles Plaintiff to overtime premium pay equaling 150% of Plaintiff's regular pay rate for every hour worked over 40 per week.  See 43 P.S. § 333.104(c).

25.    Walmart violated the PMWA by failing to pay Plaintiff overtime premium compensation.

## PRAYER FOR RELIEF

Plaintiff seeks unpaid overtime wages, liquidated damages, prejudgment interest, attorney's fees, litigation costs and expenses, and such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial.

Date:  January 11, 2019                    Respectfully,

_____
Peter Winebrake
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491
pwinebrake@winebrakelaw.com

Joseph H. Chivers
The Employment Rights Group, LLC
100 First Avenue, Suite 650
Pittsburgh, PA  15222
(412) 227-0763
jchivers@employmentrightsgroup.com

John R. Linkosky (PA ID No. 66011)
715 Washington Avenue
Carnegie, PA  15106-4107
(412) 278-1280
linklaw@comcast.net

*Counsel for Plaintiff*