## IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF PENNSYLVANIA

CYNTHIA LUPTON,      )
      )
    Plaintiff,      )
      )     Case No. 3:19-cv-00077-MEM
    v.      )
      )
WAL-MART STORES EAST, LP,  )
      )
    Defendant.      )

## AMENDED STIPULATION OF DISMISSAL

Plaintiff and Defendant, by their undersigned counsel, hereby stipulate to the dismissal of this case pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure as follows:

1.    Plaintiff was a putative class member in the case of *Swank, et. al. v. Walmart* filed in the United States District Court for the Western District of Pennsylvania. After denial of class certification in the Swank action, plaintiff filed this action.

2.    Plaintiff's claims in the Complaint consist of a state law claim for violation of the Pennsylvania Minimum Wage Act ("PMWA") and a federal claim for violation of the Fair Labor Standard Act ("FLSA"). Because of tolling associated with the PMWA claim in the Swank action, the PMWA claim predominates.

3.    After substantial litigation, the parties engaged in arms-length settlement negotiations of this and a number of other similar individual claims filed

against Walmart in a mediation conducted by the Hon. Judge Diane Welsh (Retired) of JAMS.

4.     The parties have agreed to settle plaintiff's claims with a confidential settlement of plaintiff's PMWA claims that includes a release of such claims. Under Pennsylvania law, this settlement and the release of PMWA claims do not require Court approval to be effective.

5.     The parties have further agreed that plaintiff's FLSA claim shall be dismissed without prejudice. Plaintiff does not presently desire to prosecute the FLSA claim, but the parties agree that because neither Court approval nor DOL approval has been sought or obtained for this settlement, the FLSA claim has not been released. The dismissal without prejudice of the FLSA claim does not operate as a preclusive judgment with respect to an FLSA claim.

6.     Because there is no release of an FLSA claim for the Court to review and because the parties do not seek a preclusive judgment relating to the FLSA claim, Rule 41(a)(1)(A)(ii) permits dismissal of this action on these terms.

WHEREFORE, the parties stipulate to the dismissal of plaintiff's FLSA claim without prejudice and to the dismissal of plaintiff's PMWA claim with prejudice.

Respectfully submitted,

THE EMPLOYMENT RIGHTS                GREENBERG TRAURIG, LLP
GROUP, LLC

/s/ *Joseph H. Chivers*
Joseph H. Chivers, Esq.
100 First Avenue, Suite 650
Pittsburgh, PA  15222

*Attorneys for Plaintiffs*

Dated:  December 13, 2019

/s/ *Robert M.  Goldich*
Robert M. Goldich, Esq.
1717 Arch Street, Suite 400
Philadelphia, PA 19103

*Attorneys for Defendant*

**SO ORDERED**:

Malachy E. Mannion, U.S.D.J.

3